UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL BISCHOFF,

                Petitioner,

v.                                  CASE NO. 2:06-cv-10545
                                        HONORABLE GERALD E. ROSEN

GENESIS HOUSE, *et al.,*

                Respondents.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF

### I. Introduction

Petitioner Michael Bischoff is a federal inmate currently confined at a community corrections center or halfway house in Macomb Township, Michigan. Currently pending before the Court is Petitioner's *pro se* habeas corpus petition under 28 U.S.C. § 2241.

Petitioner was convicted in this District of conspiracy to commit bank and wire fraud and several counts of aiding and abetting bank and wire fraud. *See United States v. Bischoff*, No. 2:95-cr-80889-1 (E.D. Mich. Jan. 28, 1997). On August 28, 1997, United States District Judge Lawrence P. Zatkoff sentenced Petitioner to thirty months in prison, followed by five years of supervised release. While incarcerated, Petitioner enrolled in the Residential Drug Abuse Program, which provides nonviolent offenders with a reduction in sentence of up to one year for successful completion of the Program. Petitioner successfully completed the Residential Drug

Abuse Program, and his sentence was reduced by seven months.[1]  He began serving his term of supervised release on June 18, 1999.

On August 5, 2004, Petitioner's term of supervised release was revoked because he violated four conditions of release.  One of the four violations consisted of new criminal conduct (making a false statement on a bank credit application in violation of 18 U.S.C. § 1014).  Judge Zatkoff sentenced Petitioner to twenty-four months in prison for violating the conditions of release, and on September 27, 2004, United States District Judge Victoria A. Roberts sentenced Petitioner to a concurrent sentence of eighteen months for making a false statement on a bank credit application.

Petitioner subsequently re-entered the Residential Drug Abuse Program, despite having been warned on December 13, 2004, that he probably would not be eligible for early release under the program.  Petitioner successfully completed the program a second time and was transferred to a community corrections center on December 30, 2005.  His projected release date is June 27, 2006.

Petitioner filed his habeas corpus petition on February 9, 2006.  He maintains that the Federal Bureau of Prisons ("the Bureau of Prisons" or "the Bureau") has unlawfully computed his sentence by not reducing his current sentence by five months.  Petitioner asserts that, because his first sentence was reduced by only seven months, and not twelve months as authorized by statute, he should be given five months of credit on his current sentence.

---

[1]  Petitioner alleges that, by the time he finished the Program, he was eligible for a reduction in sentence of only seven months.

2

Also pending before the Court is Petitioner's motion for a temporary restraining order and preliminary injunction or release on bond. Respondent argues in an answer to the habeas petition that Petitioner has not exhausted administrative remedies for his claims and that the Bureau of Prisons did not violate Petitioner's constitutional rights by refusing to grant him early release from his most recent sentence.

## II. Discussion

### A. Exhaustion of Administrative Remedies

"[F]ederal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The Bureau of Prisons maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). Inmates must first seek informal resolution of their concerns with staff. If they are unsuccessful, they may submit a request for administrative remedy to the warden of the prison. An inmate who is dissatisfied with the warden's response may appeal to the appropriate regional director for the Bureau of Prisons. The regional director's decision may be appealed to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.13 and 542.15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner did not pursue any administrative remedies for his claims. He contends that he is not required to exhaust administrative remedies because he has already completed his time in prison and has been released to a community corrections center. Petitioner could have begun pursuing administrative remedies in December of 2004 when he received preliminary notice that

he would not be eligible for a reduction in his current sentence.  The Court, however, has concluded that Petitioner's claims lack merit.  Consequently, the Court will excuse Petitioner's failure to exhaust administrative remedies for his claims.

### B.  Failure to Credit the Sentence with Five Months

Petitioner maintains that his current sentence should be reduced by five months because he was not given a full year of sentencing credit when he successfully completed the Residential Drug Abuse Program the first time.  Pursuant to 18 U.S.C. § 3621(e)(1), the Bureau of Prisons must provide treatment for prisoners that have a treatable substance abuse problem or addiction.  As an incentive for participation in a treatment program, the Bureau of Prisons is permitted to reduce a nonviolent offender's sentence by as much as one year for successful completion of a drug abuse treatment program.  *See* 18 U.S.C. § 3621(e)(2)(B).[2]  Inmates may earn early release for successful completion of the Residential Drug Abuse Program only once.  *See* Bureau of Prisons Program Statement 5331.01 ¶ 5.c. (Sept. 29, 2003).  "Inmates returning on supervised release violations and/or inmates who are sentenced for new offenses are not eligible for early release if they received it previously."  *Id*.

Petitioner received credit on his first sentence for successful completion of the Residential Drug Abuse Program.  He subsequently violated the conditions of supervised release

---

[2]  This provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

4

and committed another crime.  Pursuant to Program Statement 5331.01, he is not entitled to

credit on his current sentence because he previously received credit.

The Court has found no published decisions interpreting Program Statement 5331.01,[3]

but the Bureau's program statements generally are entitled to "some deference." *Reno v. Koray*,

515 U.S. 50, 61 (1995).  The Bureau "has substantial discretion in its decisionmaking," *Orr  v.*

*Hawk*, 156 F.3d 651, 653 (6th Cir. 1998), and "broad discretion to grant or deny the one-year

reduction" in sentence under § 3621, *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997).  The

Bureau has the authority, but not the duty, to reduce a prisoner's term of imprisonment for

successful completion of drug treatment.  *Lopez v. Davis*, 531 U.S.  230, 241 (2001).

The Court therefore concludes that the decision not to reduce Petitioner's sentences for a

total of twelve months was permissible and not an abuse of discretion or contrary to the statute.

The Bureau of Prisons did not unlawfully compute Petitioner's sentence.

### 1.  Due Process

Petitioner alleges that the refusal to credit his current sentence with five months violates

his constitutional right to due process.  The Due Process Clause of the Fifth Amendment

provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process

of law . . . ."

Section 3621(e)(2)(B) states that the Bureau of Prisons *may* reduce a prisoner's sentence

up to one year if he or she has not been convicted of a violent crime.  Use of the word "may" in §

---

[3]  In an unpublished decision addressing the issue presented here, the United States
District Court for the District of South Carolina concluded that Program Statement 5331.01 is a
valid exercise of the discretion entrusted to the Bureau of Prisons under 18 U.S.C. § 3621.  *See*
*McBride v. Lamanna*, No. 8:05-1682-25 (D. S.C. 2006) (attached as an addendum to
Respondent's answer to the habeas petition).

5

3621(e) gives the Bureau discretion to exclude categories of inmates from early release; individualized determinations are not necessary. *See Lopez v. Davis*, 531 U.S. at 240-44 and 244 n.7; *accord Bowen v. Hood,* 202 F.3d 1211, 1219 (9th Cir. 2000) (stating that the Bureau's broad discretion in administering the sentence-reduction program "extends to the creation of categorical exclusions"); *Brown v. Scibana*, 86 F. Supp.2d 702, 705 (E.D. Mich. 2000) (Duggan, J.) ("Nothing in § 3621(e)(2)(B) mandates that the [Bureau] exercise its discretion on an individual, rather than categorical, basis.").

Neither § 3621(e)(2)(B), nor the Constitution, created a liberty interest in early release. *Orr v. Hawk*, 156 F.3d at 654; *Piccolo v. Lansing*, 939 F. Supp. 319, 321 (D. N.J. 1996). In fact, the Bureau of Prisons has substantial discretion in denying early release under the statute. *Jacks v. Crabtree*, 114 F.2d at 984. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d at 654 (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). The Court concludes that Petitioner had no protected interest in having his current sentence reduced by five months, and the Bureau of Prisons does not violate due process by categorically excluding from early release inmates, such as Petitioner, who violated the conditions of supervised release or committed a new offense.

## 2. Equal Protection

Petitioner alleges next that the Bureau of Prisons violated his rights under the Equal Protection Clause of the United States Constitution. "An equal protection claim must assert that the plaintiff suffered class-based discrimination." *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987), and *Henry v. Metropolitan*

6

*Sewer Dist*., 922 F.2d 332, 341 (6th Cir.1990)).  In other words, to state a claim under the Equal

Protection Clause, a plaintiff must allege that a government official intentionally discriminated

against the plaintiff because of membership in a protected class.  *Henry v. Metropolitan Sewer

Dist*., 922 F.2d at 341.

   Petitioner has not shown that he is a member of a protected class or that he was treated

differently from similarly situated individuals.  *Cf. Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352,

1360 (6th Cir. 1996)  (stating that "[t]he Equal Protection Clause requires public institutions to

'treat similarly situated individuals in a similar manner'") (quoting *Gutzwiller v. Fenik*, 860 F.2d

1317, 1328 (6th Cir. 1988)).  Furthermore, a governmental classification generally will be

upheld if it bears a rational relationship to a legitimate governmental end and does not burden a

fundamental right or target a suspect class.  *Romer v. Evans*,  517 U.S. 620, 631 (1996).

Although "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment,"

*Hluchan v. Fauver*, 480 F. Supp. 103, 109 (D. N. J. 1979), they "are not a suspect class," *Hadix

v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), and they have no constitutional or inherent right

to conditional release before the expiration of a valid sentence, *Greenholtz v. Inmates of Neb.

Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Therefore, the Bureau's decision to limit the

number of times it grants early release for successful completion of a drug treatment program

need only be rationally related to a legitimate governmental interest.  *See Perez v. Hemingway*,

157 F. Supp. 2d 790, 795-96 (E.D. Mich. 2001) (Borman, J.) (citing *Wottlin v. Fleming*, 136 F.3d

1032, 1036-37 (5th Cir. 1998)); *Paydon v. Hawk*, 960 F. Supp. 867, 872 (D. N.J. 1997).

   The Bureau's limitation on the number of times that a prisoner may be granted early

release is rationally related to a legitimate interest in not rewarding prisoners with early release

7

when, as here, the prisoner violated the conditions of supervised release and committed another

crime.  Thus, no violation of the Equal Protection Clause occurred when the Bureau of Prisons

declined to grant Petitioner a full year of sentencing credit.

### 3.  Ex Post Facto

Petitioner's final argument is that the refusal to give him five months of sentencing credit

violates the Ex Post Facto Clause.

> The federal Ex Post Facto Clause provides that [n]o . . . ex post facto Law
> shall be passed."  U.S. CONST. art. I,  9, cl. 3; *see also* U.S. CONST. art. I, § 10, cl.
> 1 (Ex Post Facto Clause directed at the states).  "The heart of the *Ex Post Facto*
> Clause bars application of a law that changes the punishment, and inflicts a
> greater punishment, than the law annexed to the crime, when committed . . . .' "
> *Johnson* [*v. United States*, 529 U.S. 694, 699, 120 S. Ct. 1795 (2000)] (quoting
> *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648 (1798) (Chase, J.)) (citation
> omitted).  "[T]wo critical elements must be present for a criminal or penal law to
> be *ex post facto:* it must be retrospective, that is, it must apply to events occurring
> before its enactment, and it must disadvantage the offender affected by it."
> *Weaver v. Graham,* 450 U.S. 24, 29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981).

*United States v. VanHoose*, 437 F.3d 497, 501 (6th Cir. 2006).

 Petitioner's *ex post facto* claim fails because he has not identified a change in the law

that increased his sentence and was applied to events occurring before its enactment.  The policy

statement in question is dated September 29, 2003, which was before Petitioner violated the

conditions of supervised release and before he entered the Residential Drug Abuse Program a

second time.  The policy statement has not been applied retroactively to increase Petitioner's

punishment.

### III.  Conclusion

Petitioner is not "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C.  § 2241(c)(3).  Therefore, the petition for a writ of habeas corpus

[Doc. #1, Feb. 9, 2006] is DENIED.  Petitioner's motion for a temporary restraining order, a preliminary injunction, or release on bond [Doc. #2, Feb. 9, 2006] is DENIED because Petitioner has no right to immediate release or to credit on his current sentence.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  June 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

9